UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ANDRE ANTROBUS,

                Petitioner,

-against-

CHARLES HYNES; MR. RIVERA;
ADA CHRIS; LAWRENCE WRIGHT;
CHRIS ERIBO,

                Respondents.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
13-cv-2742 (CBA) (LB)

**AMON, Chief United States District Judge.**

Petitioner Andre Antrobus, pro se, filed the instant petition pursuant to 28 U.S.C. § 2241, seeking to challenge the constitutionality of his state court conviction in the New York Supreme Court, Kings County. By Order dated May 6, 2013, the action was transferred to this Court from the United States District Court for the Southern District of New York. For the reasons discussed below, the petition is dismissed.

## BACKGROUND

Antrobus challenges his 2013 state court conviction for attempted murder, alleging several instances of misconduct: (1) "denying access to courts, witness[es] and legal agencies"; (2) "fraud upon the court, lying to court and witnesses"; (3) "lying about facts"; (4) "perjured and false statements"; (5) "justification wasn't afforded at grand jury"; (6) "prosecutorial misconduct"; (7) "exculpatory evidence"; (8) "sabotage defense couns[el]." Petition at 3. Antrobus does not specifically identify the relief he is seeking.

## DISCUSSION

Title 28 of the United States Code, section 2241, permits habeas corpus review for prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28

1

U.S.C. § 2241(c)(3). Section 2241 does not confer jurisdiction on district courts to review challenges to state convictions or sentences. Accordingly, although Antrobus's petition is labeled as one under 28 U.S.C. § 2241, his application is properly characterized as seeking relief under section 2254. See Cook v. New York State Div. of Parole, 321 F.3d 274, 277-279 (2d Cir. 2003) ("[I]f an application that should be brought under 28 U.S.C. § 2254 is mislabeled as a petition under section 2241, the district court must treat it as a section 2254 application instead.").

The Second Circuit has held that before a district court may convert a petition to one pursuant to section 2254, it must accord the petitioner with notice and an opportunity to decline the conversion or withdraw the motion because "converting a pro se habeas petition filed under a statute not subject to the severe 'second or successive' restrictions . . . could cause the petitioner to forfeit unnecessarily and unintentionally a meritorious claim." Id. at 282; see, e.g., Brodeur v. Warden, Eric M. Taylor Ctr., No. 12 CV 5545 BMC LB, 2013 WL 1686527, at *2 (E.D.N.Y. Apr. 18, 2013).

However, the requirement that a petitioner be given notice and opportunity to withdraw is inapplicable in this case because it appears that Antrobus has not made any efforts to exhaust his claims in state court. Before a federal court may entertain a habeas corpus petition on behalf of a state prisoner, the petitioner must first exhaust her or his available state remedies. See 28 U.S.C. § 2254(b); Woodford v. Ngo, 548 U.S. 81, 92 (2006) (explaining that "[a] state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one complete round of the State's established appellate review process") (citation and internal quotation marks omitted). A petition dismissed for failure to exhaust state court remedies does not count for the purpose of determining whether a future

2

petition is second or successive. See Camarano v. Irvin, 98 F.3d 44, 46-47 (2d Cir. 1996) (no "second or successive" petition within the meaning of 28 U.S.C. § 2244 where earlier petition dismissed without prejudice for failing to exhaust state remedies). Accordingly, Antrobus's petition is unexhausted and should be dismissed without prejudice. See Brodeur, 2013 WL 1686527, at *3 ("Because a dismissal for failure to exhaust is without prejudice, I need not give the 'single petition' notice and opportunity to withdraw his petition required by Adams."); Hanton v. Lantz, No. 3:09-CV-774 CFD, 2010 WL 2232642, at *5 (D. Conn. May 27, 2010).

## CONCLUSION

For the reasons stated above, Antrobus's petition for a writ of habeas corpus is dismissed without prejudice for failure to exhaust state court remedies. As petitioner has not made a substantial showing of the denial of constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to enter judgment accordingly and close the case.

SO ORDERED.

Dated: December 4, 2013
Brooklyn, N.Y.

s/Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge